RICE-MACRAE MOTOR TRUCK COMPANY, RESPONDENT, v. CHARLES WURST, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. The question whether an automobile truck, equipped with a special closed-in cab, can or "cannot readily be resold for a reasonable price," within the meaning of that language in section 63, paragraph 3 of the Sales of Goods act (*Comp. Stat., p.* 4662), is a question of fact, and its determination by the trial judge, sitting without a jury, will not be disturbed on appeal if supported by legal evidence.

2. Where, in an action under section 63, paragraph 3 of the Sales of Goods act (*Comp. Stat., p.* 4662), the plaintiff is entitled to recover "the price" of an automobile truck, he is entitled to the full purchase price, with interest thereon, even though the contract provided for an allowance to the defendant for a second-hand truck to be delivered to the plaintiff, where it appears that the defendant did not deliver such second-hand truck to the plaintiff, nor offer to do so.

On appeal from the Supreme Court.

For the appellant, *William A. Wachenfeld, Egbert J. Tam-blyn* and *Lum, Tamblyn & Colyer.*

For the respondent, *Smith & Slingerland.*

The opinion of the court was delivered by

TRENCHARD, J.  Charles Wurst, the defendant below, entered into a contract with the plaintiff company for the purchase of a model B one and a half to two-ton Day-Elder automobile truck, to be equipped with a special closed-in cab, for the sum of $2,240.  The truck was so equipped and finished in the plaintiff's factory, and delivery thereof was tendered to the defendant in due time, who, without just cause, refused to receive it.  Thereupon the plaintiff notified the defendant that the truck would thereafter be held by the plaintiff as bailee for the defendant and treated as his property, and, subsequently, brought this suit for the purchase price, which had been demanded and refused.

The trial judge, sitting without a jury, found for the plaintiff company, and judgment was, accordingly, entered in favor of it for such purchase price, with interest.

We think that was right.

The course followed by the plaintiff was that outlined in section 63, paragraph 3 of the Sales of Goods act (*Comp. Stat., p.* 4662), which reads:

"(3) Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price, and if the provisions of section sixty-four (4) are not applicable, the seller may offer to deliver the goods to the buyer, and, if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer.  Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price."

Apparently, the only contention of the defendant in the court below was that the truck in question could readily be resold for a reasonable price.  The court below made find-

ings of essential facts, and found, among other things, that the truck could not readily be resold for a reasonable price; and the only questions argued here are—(1) the legal propriety of that finding, and (2) the amount of the damages.

The question whether or not the truck in question, equipped as it was with a special closed-in cab, could have been readily resold at a reasonable price, was a question of fact, and its determination by the trial judge, sitting without a jury, will not be disturbed on appeal if supported by legal evidence. *Aschenberg* v. *Munday,* 76 *N. J. L.* 352; *Howard* v. *Moore,* 79 *Id.* 329. Now, an examination of the record shows that there was abundant evidence to support the finding of the trial judge. Several witnesses, properly qualified to speak upon that subject, testified that the truck in question was not readily salable for a reasonable price.

There remains for consideration the only other point, which is that "the court erroneously granted judgment for $2,240, plus interest, amounting to $96.32." The contention really is that the plaintiff should not have received the full purchase price, nor interest on the full purchase price, because of the provision in the contract allowing the defendant, $240 for his second-hand truck to be delivered to the plaintiff. But that contention is without merit, for the reason that the defendant, not only failed to deliver his second-hand truck to the plaintiff, but did not offer to do so. Obviously, he could not expect to receive a credit of $240 and at the same time keep his second-hand truck, and the trial judge was quite justified in giving judgment for the full purchase price, with interest.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 15.

*For reversal*—None.